# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA by and for the use of AMCS Group LLC d/b/a AMCS Tech Group LLC | CIVIL ACTION <br><br> No. 2:25-cv-5765 |
| Plaintiff, | **Complaint** |
| v. | Jury Trial Demanded |
| KUNJ CONSTRUCTION CORPORATION | |
| And | |
| ENDURANCE ASSURANCE CORPORATION | |
| Defendants. | |

## **COMPLAINT**

Plaintiff, AMCS Group LLC dba AMCS Tech Group LLC ("AMCS") individually and by and for the United States of America, through its undersigned counsel hereby files its Complaint against the Defendants Kunj Construction Corporation ("Kunj") and Endurance Assurance Corporation ("Endurance") (collectively "Defendants"), and in support thereof avers as follows:

### I.   INTRODUCTION.

1. AMCS brings this action to recover damages it has incurred in excess of $65,000 from Defendants resulting from Kunj's breach of its Subcontract Agreement ("Subcontract") with AMCS for work AMCS performed at the United States Naval Support Activity, Philadelphia PA (Defense Contract Management

Agency (DCMA) Office Renovation Project, Building 4A) ("Project")) and Endurance's breach of its related payment bond obligations.

## II. PARTIES.

2. Plaintiff, AMCS Group LLC dba AMCS Tech Group LLC ("AMCS") is a New Jersey corporation with its principal place of business at 121 State Hwy 36, Suite 160, West Long Branch, NJ 07764.

3. AMCS brings this suit in the name of the United States of America in accordance with 40 U.S.C. § 3133(b) of the Miller Act.

4. Upon information and belief, Defendant Endurance Assurance Corporation is a corporation with its principal place of business at 4 Manhattanville Road, 3rd Floor, Purchase, NY, 10577.

5. Upon information and belief, Defendant Kunj Construction Corporation ("Kunj") is a New Jersey corporation with its principal place of business at 163B Paris Avenue, Northvale, NJ 07647.

## III. JURISDICTION AND VENUE.

6. The Court has original jurisdiction over Count I of this Complaint because it arises out of federal law, specifically, the Miller Act, 40 U.S.C. §§ 3131-3134, and the Court has supplemental jurisdiction over all other counts and claims under 28 U.S.C. § 1367 because they form part of the same controversy and arise out of a common nucleus of operative facts, specifically Kunj's administration of the Project.

7. This Court has personal jurisdiction over Kunj because it purposefully availed itself of the benefits of doing business in the Commonwealth of Pennsylvania by entering into a contract for the Project.

8. This Court has personal jurisdiction over Endurance because it purposefully availed itself of the benefits of doing business in the Commonwealth of Pennsylvania by providing a payment bond to Kunj in connection with the Project located within Pennsylvania.

9. Venue properly lies in this Court pursuant to 40 U.S.C. § 3133(b)(3)(B), as the worked performed on the Project at issue was performed in the district for this Court.

IV. **FACTS.**

10. On or about December 7, 2022, AMCS entered into a Subcontract Agreement ("Subcontract") with Kunj whereby AMCS would perform telecom, communication, data voice, and audio visual services for Kunj for the Project for the amount of $418,000. A copy of the Subcontract between Kunj and AMCS is attached hereto as Exhibit A.

11. Through October 8, 2024, Kunj never identified any material deficiencies that would have excused Kunj's obligation to make payment to AMCS.

12. Despite AMCS' satisfactory performance of its obligations, Kunj has failed and refused to pay the amounts due and owing to AMCS.

13. All requirements and conditions precedent to AMCS' initiation of this action have been satisfied and/or waived.

## COUNT I
**Breach of Bond Obligation (Miller Act Bond Claim)**

14. AMCS hereby incorporates all preceding paragraphs as though fully set forth at length herein.

15. Endurance issued Payment Bond No. EACX4026277 with Kunj as principal and the United States of America as obligee ("Bond") relating to the labor and materials provided by contractors to the Project. A copy of the Bond is attached hereto as Exhibit B.

16. The Bond obligates Endurance to satisfy Kunj's payment obligations to AMCS.

17. As a subcontractor of Kunj that performed work on the Project, AMCS is a claimant under the Bond and an intended beneficiary of the Bond.

18. Under the Bond, Endurance is obligated, as surety for Kunj, to pay AMCS for all labor and materials that AMCS provided on the Project for Kunj's benefit and that Kunj has failed to pay AMCS.

19. Under 40 U.S.C § 3133(b) of the Miller Act, under which the Bond was furnished, every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under the Act and that has not been paid in full within ninety (90) days after the day on which the person performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought.

20. Over ninety (90) days have passed since AMCS last worked on the Project, and Kunj has not paid AMCS in full for all work AMCS performed on the Project.

21. Kunj owes AMCS no less than $64,092.00 for AMCS' direct costs for services, labor, equipment, and materials that AMCS provided on the Project.

22. Therefore, as a result of Kunj's and Endurance's breach of their payment obligations to AMCS, AMCS has suffered damages.

23. AMCS last performed work on the Project on October 8, 2024, and all payments owed to AMCS are past due and owing.

24. AMCS files this Complaint within one year of the day that AMCS last provided labor and/or materials to the Project.

25. AMCS has satisfied all conditions precedent to commencing an action under the Bond; or Endurance and/or Kunj have otherwise waived such conditions.

26. AMCS is entitled to payment from Endurance under the Miller Act, 40 U.S.C. § 3133.

**WHEREFORE**, Plaintiff AMCS demands that judgment be entered in its favor against Defendant, Endurance for damages resulting from Endurance's failure to make payment under the Miller Act,  including monetary damages, additional costs of performance, unpaid contract balances, ; plus pre- and post-judgment interest, costs, and attorneys' fees as allowed by law; and such other such relief as the Court deems just, proper, and in an amount to be equitable.

### COUNT II
**Breach of Contract**

27. AMCS hereby incorporates all preceding paragraphs as though fully set forth at length herein.

28. AMCS entered into a Subcontract with Kunj on or about December 7, 2022.

29. Kunj materially breached the Subcontract by:

    a. Failing to timely pay AMCS for work satisfactorily performed by AMCS;

    b. Failing to equitably adjust the Subcontract price and time for performance;

    c. Constructively accelerating AMCS' performance;

    d. Failing to provide AMCS with adequate notice and a reasonable opportunity to cure alleged deficiencies; and

    e. Wrongfully terminating the Subcontract

**WHEREFORE**, Plaintiff AMCS demands that judgment be entered in its favor against Defendant, Endurance for damages resulting from Kunj's breach of contract, and grant the following relief: equitable relief in the form of an order requiring Kunj to rescind its termination; and legal relief in the form of damages resulting from Kunj's wrongful termination, including monetary damages, lost profits, additional costs of performance, unpaid contract balances, damages related to loss of reputation, impairment of bonding capacity and AMCS' ability to obtain future government work (which cannot be fully compensated by money damages alone) and other consequential damages; plus pre- and post-judgment interest, costs, and attorneys' fees as allowed by law; and such other such relief as the Court deems just, proper, and in an amount to be equitable.

## COUNT III
**Unjust Enrichment**

AMCS hereby incorporates all preceding paragraphs as though fully set forth at length herein.

31. Kunj has not compensated AMCS in full for the services, labor, equipment, and materials AMCS provided to the Project.

32. Kunj has been paid for the work AMCS performed.

33. It would be unjust for Kunj to retain the benefit of the services, labor, equipment, and materials supplied by AMCS without compensating AMCS.

34. Kunj has been unjustly enriched by failing to pay AMCS in full even though Kunj received the benefit of the work and materials that AMCS supplied.

**WHEREFORE**, Plaintiff, AMCS, demands that judgment be entered in its favor against Defendant, Kunj requiring Kunj to disgorge and pay to Plaintiff the reasonable value of the benefits Kunj unjustly received as a result of AMCS' labor, services, and materials furnished for the Project; plus pre- and post-judgment interest, costs, and attorneys' fees as allowed by law; and such other such relief as the Court deems just, proper, and in an amount to be equitable.

### COUNT IV
### Quantum Meruit

AMCS hereby incorporates all preceding paragraphs as though fully set forth at length herein.

35. AMCS provided services, labor, equipment, and materials to Kunj in good faith in performance of the Project.

36. Kunj accepted the services, labor, equipment, and materials provided by Kunj in performance of the Project.

37. At all times AMCS expected and relied upon compensation from Kunj for providing services, labor, equipment, and materials to Kunj in performance under the Subcontract. Kunj has failed to compensate AMCS for the reasonable value of the services, labor, equipment, and materials AMCS provided in performance of the Project.

**WHEREFORE**, Plaintiff, AMCS, demands that judgment be entered in its favor against Defendant, Kunj for the reasonable value of the labor, services, and materials ACMS provided to the Project to the extent not otherwise compensated; plus pre- and post-judgment interest, costs, and attorneys' fees as allowed by law; and such other such relief as the Court deems just, proper, and in an amount to be equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in connection with all claims in this action.

Respectfully submitted,

Michael H. Payne
Robert G. Ruggieri
Cohen Seglias Pallas Greenhall &Furman PC
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
E-mail: mhp@cohenseglias.com
E-mail: rruggieri@cohenseglias.com
*Attorney for Plaintiff,*

Date: October 6, 2025